1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

William Westley Duncan,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-11-8067-PCT-JAT (JFM)

**Report and Recommendation**
**Regarding**
**Motion to Stay**

11    Under consideration is Petitioner's Amended Motion for a Stay and Abeyance,

12  filed August 8, 2012 (Doc. 32).  Petitioner seeks a stay of consideration of his Petition to

13  permit him to exhaust state remedies on additional claims to be added by amendment.

14  Respondents responded on September 12, 2012 (Doc. 38), and Petitioner replied on

15  September 28, 2012 (Doc. 39).  On October 11, 2012, Respondents filed a Surreply

16  (Doc. 40).

17    Because the matter appears to be outside the referral authority of the magistrate

18  judge, *see Reynaga v. Cammisa*, 971 F.2d 414 (9th Cir. 1992) (magistrate judge had no

19  authority to stay case pending exhaustion of state remedies), the undersigned makes the

20  following report and recommendation.

21    **Background** –Petitioner challenges his conviction for first degree murder and

22  sentence to life without possibility of parole, arising out of drug-related murder-for-hire

23  in Bullhead City, Arizona.  The prosecution sought the death penalty.  Petitioner asserted

24  defenses of an alibi, and misidentification, but was convicted after a 10 day trial.

25  Petitioner proceeded through: (1) an unsuccessful initial direct appeal; (2) a successful

26  first petition for post-conviction relief resulting in re-sentencing,; (3) a successful second

27  direct appeal/petition for review resulting in a remand for appointment of an investigator

28  and further hearings in the PCR proceeding; (4) an unsuccessful continued PCR hearings

1

on remand; and (5) an unsuccessful second petition for review.

Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 28, 2011 (Doc. 1). Petitioner's Petition asserts 20 primary grounds for relief, including: Confrontation Clause violations, instructional error, prosecutorial misconduct, improper identification procedures, improper impeachment, insufficient evidence, improper exclusion of evidence, denial of an investigator, nine unique claims of ineffective assistance, improper assistance, and an additional claim of ineffective assistance.

Respondents argue in their Answer (Docs. 14, 15, 16, 16, 18, 19, and 20) that the claims are either procedurally defaulted, procedurally barred, without merit, or duplicative.

Petitioner's Reply (Doc. 25), filed December 16, 2011, asserts that he is entitled to an evidentiary hearing and addresses the substance of the Answer.

**Motion** - On August 8, 2012, Petitioner filed an Amended Motion to Stay (Doc. 32), seeking to stay consideration of the Petition to permit him to exhaust state remedies on additional claims to be added by amendment or on the basis of the instant motion. Petitioner argues the claims are not procedurally defaulted because the ineffectiveness of PCR counsel in failing to bring them establishes cause, and because of his actual innocence. He asserts newly discovered evidence, a significant change in the law, and actual innocence as bases for avoiding the statute of limitations.

The claims to be added are:

(1) Ineffective assistance of trial counsel as a result of: deficient cross examination, failure to call codefendant as a witness, failure to call various eyewitnesses, failure to request a tire and footprint expert, failure to impeach the eyewitness, failure to raise a claim of prosecutorial misconduct/failure to disclose, failure to move for a Rule 11 psychiatric exam of Petitioner, Failure to request an "aiding and abetting" jury instruction.

(2) Prosecutorial misconduct based on failure to disclose additional letters from

co-defendant to Petitioner.

(3) Actual Innocence based upon co-defendant's confession to the murder.[1]

Petitioner argues that determining the likelihood of success on his claims requires an evidentiary hearing, and thus he requests a hearing be granted. In the alternative, Petitioner asks that if a procedural default can be avoided, that this Court address the merits of his claims without requiring exhaustion.  Petitioner further requests additional time to expound upon his new claims.

Finally, Petitioner revealed that he had filed a Notice of Postconviction Relief in state court on July 17, 2012, seeking to raise these new issues.

**Response** - Respondents responded on September 12, 2012 (Doc. 38), arguing in a 101 page brief that: (1) even after *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), habeas relief is not available for ineffective assistance of PCR counsel; (2) Petitioners new ineffective assistance and prosecutorial misconduct claims are untimely under 28 U.S.C. § 2244(d); (3) Petitioner's actual innocence claim is without merit; and (4) Petitioner's efforts to amend should be denied under Fed.R.Civ. Proc. 15(a)(2) because of the delay and futility of the amendments.

**Reply** - Petitioner replied on September 28, 2012 (Doc. 39).  Petitioner argues *inter alia*: (1) that he should be granted counsel; (2) the prison received his materials from PCR counsel, and he was limited in his ability to possess them, and only had access to them for one hour before they were sent to the Arizona Justice Project; (3) that Respondent's counsel had agreed to stipulate to the stay; (4) Petitioner's PCR notice did not contain his legal arguments; (5) under *Martinez* he can establish cause to excuse his procedural defaults based upon the ineffectiveness of PCR counsel; (6) he has shown actual innocence to avoid any procedural default; (7) his claims are meritorious; (8) his claims are based on newly discovered facts; (9) the claims relate back in time to his

---

[1] In his Reply in support of his Amended Motion to Stay, Petitioner discusses a claim asserted in his recent PCR filings alleging that he was improperly sentenced based upon pecuniary gain.  (Doc. 39 at 17.)  Petitioner did not raise such a claim in his Amended Motion to Stay, nor does he suggest that it is a federal claim he is asserting and thus wishes to raise in this federal habeas proceeding.

1  original Petition; and (10) resolution of his claims requires an evidentiary hearing.

2  **Surreply** - On October 11, 2012, Respondents filed an expansive Surreply (Doc.

3  40), addressing previously privileged and undisclosed information revealed by Petitioner

4  in his Reply (Doc. 39), and arguing that the information further supports Respondents'

5  assertions that the proposed new claims are untimely and without merit.

6  **Recent Proceedings** – On February 8, 2013, Respondents supplemented the

7  record (Docs. 45, 46) to provide briefs, orders, etc. from Petitioner's recent state PCR

8  petition.  Following briefing by Petitioner and the state, on January 18, 2013, the state

9  PCR court denied Petitioner's petition, finding his claims of ineffective assistance

10  precluded, and his claims of newly discovered evidence, actual innocence, and change in

11  the law to be without merit.  The time for motions for rehearing and petitions for review

12  continue to run on that order.

13  **Applicable Law** – In the absence of a mixed petition asserting exhausted and

14  unexhausted claims, the decision whether to stay proceedings to permit the exhaustion

15  and presentation of new claims is committed to the sound discretion of the district court.

16  In reviewing a stay of a habeas proceeding, the courts "balance the length of the stay

17  against the strength of the justification given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119

18  (9th Cir. 2000).

19  In exercising that discretion, the district court must be mindful of "the clear

20  appropriateness of a stay when valid claims would otherwise be forfeited."  *Kelly v.*

21  *Small*, 315 F.3d 1063, 1070 (9th Cir. 2003).[2]

22  Here the justification urged by Petitioner is his desire to have additional claims

23  heard.  Arguably, failing to grant a stay would result in the loss of those claims.  They

24  would be subject to defenses not only under the habeas statute of limitations, but also

25

26  _____

[2] In *Rhines v. Weber*, 544 U.S.  269, 277 (2005), the Supreme Court applied additional
27  requirements for a stay of a mixed petition, including a showing of good cause for the
failure to previously exhaust.  In *Robbins v. Carey,* 481 F.3d 1143 (9th Cir. 2007), the
Ninth Circuit held that *Rhines* did not apply to the stay of fully exhausted petitions.  In
28  *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit held that  the "good
cause" requirement in *Rhines* did not apply to a stay of a fully exhausted petition.

under the limitations on second and successive petitions, 28 U.S.C. § 2244(b).

It is true that the guidance given by *Kelly* only applies to "valid claims," and Respondents go to considerable lengths to argue that the new claims Petitioner seeks to add are without merit, either because they are barred by the statute of limitations, or on their merits.   In addition, the PCR court's latest ruling indicates that Petitioner's ineffective assistance claims are procedurally defaulted.

Ordinarily, the undersigned would be inclined to simply proceed to dispose of the proposed new claims on the merits, deny the motion to stay, and complete review of the existing claims.   However, in this instance, many of Petitioner existing claims would be impacted by the substance of Petitioner's new claims.   At a minimum, those claims which would impact this Court's decision on an actual innocence reply to defenses of procedural default, procedural bar on independent and adequate state grounds, and the statute of limitations.

At present, the undersigned presumes that the state proceedings will be pending for at least a month, and perhaps significantly longer. If Petitioner seeks further review by the state courts (a prerequisite to exhaustion of his state remedies on his new claims), then without a stay, this Court would find itself evaluating the procedural and substantive merits at the same time as the state courts.   Further, to the extent that a procedural bar might be an issue, it is at least conceivable that the state courts could reverse the PCR court's dismissal of claims on state law grounds.

This presents a second problem to continued consideration of the Petition.   In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings."   *Id.* at 43. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."   *Id.* at 44.  Although *Younger* dealt specifically with the limits on federal courts to enjoin

state court proceedings, and no such injunction is currently contemplated here, the simultaneous litigation of the same issues in this Court and the state court invites the same sort of unseemliness underlying, at least in part, the decision in *Younger*, e.g. if this Court were to grant Petitioner relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Motion for a Stay and Abeyance, filed August 8, 2012 (Doc. 32) be **GRANTED** to the extent of the relief recommended herein.

**IT IS FURTHER RECOMMENDED** that this proceeding be **STAYED** pending completion or expiration of Petitioner's state court proceedings on his July 17, 2012 Arizona post-conviction relief petition, and any petitions for review, etc. therefrom.

**IT IS FURTHER RECOMMENDED** that the Court enter an Order that:

(1) Petitioner and Respondents shall, within fourteen days of the conclusion of the state court proceedings, file with this Court a notice advising the Court of the status of the state court proceedings;

(2) Petitioner shall, on or before March 31, 2013, and before the expiration of each calendar quarter thereafter, until termination of the stay, file with this Court a notice advising the Court of the status of his state court proceedings.

(3) Petitioner's failure to timely file such notices will be grounds for dismissal of this action without further notice.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to

timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 8, 2013

11-8067o Order 13 02 08 re RR on MStay MAmend.docx

James F. Metcalf
United States Magistrate Judge

7