WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

William Westley Duncan,

               Petitioner,

v.

Charles L. Ryan, et al.,

               Respondents.

No. CV-11-08067-PCT-JAT

**ORDER**

Pending before the Court is the Report and Recommendation ("R&R") issued by the Magistrate Judge to whom this case was assigned recommending that Petitioner's Petition for Writ of Habeas Corpus ("Petition") be denied.  (Doc. 89).  Both sides have filed objections to the R&R (Docs. 93 and 96).  Petitioner filed a reply to Respondent's objections.  (Doc. 97).  Also pending are three motions of Petitioner: a motion for evidentiary hearing (Doc. 82); a motion for appointment of counsel (Doc. 83); and a motion for a certificate of appealability (Doc. 94).

Preliminarily, the Court notes Petitioner also filed a notice of appeal (Doc. 95).  However, because the issuance of an R&R is not an immediately appealable order, the Court of Appeals dismissed the appeal.  *See* (Doc. 100)

## I.    Review

### A.    Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that

the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9ᵗʰ Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object.").  District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In this case, both parties have filed numerous objections.  The Court will review all issues to which there is an objection de novo.

**B.    Review of State Court Decisions**

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction.  With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts.  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9ᵗʰ Cir. 1998).  Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

---

[1]    Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law.  *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

## II.   Factual Background

At pages 2-20, the R&R recounts the factual and procedural background of this case.  Other than in the context of specific legal arguments discussed below, neither party objects generally to this recounting; accordingly, the Court accepts and adopts it.

## III.   Petition

The Petition in this case raises 20 claims.[2]  (Doc. 1).  The supplemental petition raises an additional 14 claims.  (Doc. 78).  The Court will address each claim in turn, and will follow the numbering system used by the parties.

### Claim 1 (original Petition)

In this claim, Petitioner argues his confrontation clause rights were violated because of limitations placed on alleged impeachment evidence by the state court.  The R&R concludes that the state court's decision on this issue was not contrary to nor an unreasonable application of federal law.  (R&R at 229).  Further, the R&R concludes that the state court's decision on a matter of state law was not such a "gross abuse of discretion" that it rose to the level of a due process violation under the constitution.  (R&R at 223, 227-28).

Petitioner's objection that the state court decision is "so wrong" (Doc. 93 at 9) does not dissuade this Court from agreeing with the findings and conclusions in the R&R.  Accordingly, the objections are overruled, the R&R is accepted and adopted on Claim 1 and relief is denied on this claim.

### Claim 2 (original Petition)

Petitioner claims there was a due process violation due to the failure of the state court to give a *Willits* instruction regarding lost evidence.  The R&R concludes that this claim was not exhausted before the state courts (R&R at 104) and that Petitioner cannot overcome this failure to exhaust (R&R at 214).[3]  The Court agrees and denies habeas

---

[2]   The R&R concludes that the entire original petition is timely under the Anti-Terrorism and Effective Death Penalty Act's statute of limitations.  R&R at 91.  Neither party really objects to this conclusion, although both sets of objections take issue with the date the conviction became final (Petitioner's objections (Doc. 93 at 5); Respondent's objections (Doc. 96 at 3-5)).  The Court finds the original Petition timely.

[3]   Included in R&R's conclusion that Petitioner cannot show cause and prejudice to

relief based on this procedural bar.

Alternatively, the R&R concludes that this claim also fails on the merits because there was no allegation by Petitioner of bad faith at the state court level; and bad faith is required to justify a *Willits* instruction. (R&R at 233). In his Objections, Petitioner makes a global assertion that losing evidence simply is bad faith. (Doc. 93 at 9). The Court overrules this objection; not every lost piece of evidence automatically rises to the level of bad faith. Accordingly, the R&R is accepted and adopted on Claim 2 and relief is denied on this claim.

**Claim 3 (original Petition)**

Petitioner claims that the prosecutor committed prosecutorial misconduct that rose to the level of a due process violation. More specifically Petitioner claims the prosecutor

---

overcome his failure to exhaust is also the R&R's conclusion that Petitioner cannot show the actual innocence gateway around the failure to exhaust. R&R at 385-86. Specifically, "[u]nder *Schlup*, a procedural default is excused if the facts underlying the petitioner's claim, more likely than not, would have resulted in any reasonable jury being unable to convict the petitioner." *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015).

Petitioner's objection (Doc. 93 at 15-16) that Issacs' testimony would show he is actually innocent is overruled for all of the reasons discussed in the R&R that Issacs would not be believed. R&R at 369-70.

Therefore, Petitioner's objection that he can show procedural actual innocence to overcome this failure to exhaust is overruled. Further, upon de novo review, the Court finds that the R&R contains a typographical error when it states:

> As discussed hereinabove, the undersigned has found that Petitioner has failed to provide reliable new evidence of his actual innocence. For this reason alone, Petitioner's assertions of actual innocence must be rejected.
>
> Even if Petitioner's new evidence could be deemed reliable, after taking into account all of the evidence, including the evidence at trial tending to show Petitioner's innocence, the undersigned **concludes that a reasonable juror, properly instructed and following those instructions, could find Petitioner not guilty beyond a reasonable doubt**. At best, to overcome the evidence that Petitioner was the shooter, and confessed to shooting the victim while participating in disposing of the weapon[,] Petitioner provides insignificant discrepancies in testimony, questionable and controverted alibi testimony, purported confessions by a prisoner motivated to lie, and Petitioner's own testimony.

R&R at 385 (emphasis added).

In the context of the surrounding sentences and conclusions, it is clear to the Court that the bolded text above should read: "concludes that a reasonable juror, properly instructed and following those instructions, could **not** find Petitioner not guilty beyond a reasonable doubt." Thus, to the extent Petitioner relies on this statement to form the basis of his objections, that objection is misplaced and overruled.

made inappropriate arguments about the lost evidence.  The R&R concludes that the state court's determination that the prosecutor did not make arguments about the lost evidence was not contrary to nor an unreasonable application of federal law, nor an unreasonable determination of the facts.  (R&R at 239).  Therefore, this Court must defer to the state court's conclusion.

Petitioner objects and factually disputes the prosecutor's theory of the case.  (Doc. 93 at 9).  Such objection does not show that the state court's determination was unreasonable and is overruled.  Thus, the R&R is accepted and adopted on Claim 3 and relief is denied on this claim.

**Claim 4 (original Petition)**

Petitioner claims that the line-up identification procedures were suggestive.  This claim was exhausted with the state court and the court found the procedures were not unduly suggestive.  (*See* R&R at 246).  The state court's decision was not contrary to nor an unreasonable application of federal law, nor an unreasonable determination of the facts.  (*Id.*)  Thus, the Court will defer to the state court's decision on this claim.

Petitioner objects by stating the legal conclusion that the line-up was unduly suggestive.  (Doc. 93 at 10).  This legal conclusion is not a basis to set aside the state court decision.  Thus, the R&R is accepted and adopted on Claim 4 and relief is denied on this claim.

**Claim 5 (original Petition)**

Petitioner claims that the prosecution suggesting that it would impeach Petitioner with his prior felonies if he chose to testify was a due process violation.  This claim is barred on state law procedural grounds. (R&R at 126-27, 247).

Petitioner's only objection on this claim is that he is actually innocent.  (Doc. 93 at 10).  The Court will address Petitioner's actual innocence claim below.  As to Claim 5, the R&R is accepted and adopted and relief is denied on this claim.

**Claim 6 (original Petition)**

In Claim 6, Petitioner argues that there was insufficient evidence to convict him.

This claim was presented to the state court, which denied relief on the claim. (R&R at 251). The state court's decision was not contrary to nor an unreasonable application of federal law, nor was it an unreasonable determination of the facts. (*Id.*)

Petitioner objects and points out what he claims to be various conflicting testimony from his trial. (Doc. 93 at 10). Assuming conflicting testimony was admitted, that does not mean the evidence, as a whole, was insufficient to support the jury's verdict. Therefore, this objection does not overcome the state court's determination. Thus, the R&R is accepted and adopted on Claim 6 and relief is denied on this claim.

**Claim 7 (original Petition)**

Petitioner claims his Fifth Amendment, Sixth Amendment and Fourteenth Amendment rights were violated when the state court failed to allow cross-examination on what Petitioner argues would have been exculpatory evidence. Petitioner exhausted this as a state law hearsay claim. (R&R at 254). Habeas relief is not available for errors of state law (assuming one occurred). *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). As to the merits of the state law theory, Petitioner has failed to show that the state court's evidentiary ruling was in error, must less that it was arbitrary and fundamentally unfair such that it would violate the due process clause of the constitution. (R&R at 256). Accordingly, relief is denied on this basis as to the state law theory.

To the extent Petitioner also asserts this claim on habeas as a federal constitutional violation, Petitioner failed to exhaust this claim in state court (R&R at 106) and cannot overcome this failure to exhaust such that this Court could reach the merits of this claim (R&R at 214); s*ee also* footnote 3 above. Thus, any federal version of Claim 7 is denied for this reason.

Petitioner objects by stating the legal conclusion that this claim is exhausted. (Doc. 93 at 10). This objection does not overcome either of the conclusions above regarding why Claim 7 is denied. Accordingly, the R&R is accepted and adopted on Claim 7 and relief is denied on this claim.

**Claim 8 (original Petition)**

Petitioner argues that his rights were violated when the state court denied him funding for an investigator in his first post-conviction relief proceeding.  Petitioner attempted to take a special action of this denial of funds, which the Arizona Court of Appeals denied.  There is no habeas relief for the denial of a special action.  (R&R at 271).

Petitioner failed to exhaust the denial of funding claim in state court (R&R at 108), and cannot overcome this failure to exhaust such that this Court could reach the merits of this claim. (R&R at 214); *see also* footnote 3 above.  Accordingly, relief on this claim is denied.

Alternatively, on the merits, the R&R concludes that there was no constitutional violation for the failure of the state court to appoint an investigator in this initial post-conviction relief proceeding.  (R&R at 271).  Notably, on appeal the Arizona Court of Appeals ordered the superior court to appoint an investigator for Petitioner.  (R&R at 267).  Thus, Petitioner ultimately received this relief.  This Court agrees with the R&R that the initial failure to provide funding for an investigator was not constitutional violation which would justify habeas relief.

Both parties object to the R&R as to this claim.  Petitioner argues that he did not receive funding for an investigator.  (Doc 93 at 11.)  However, he ultimately did.  (R&R at 267).  Accordingly, this objection is without merit.   Respondents argue that states are not required to provide any sort of post-conviction relief to convicted defendants; thus no alleged error in the post-conviction relief process could ever provide the basis for habeas relief.  (Doc. 96 at 15.)  Because this Court is denying relief on this claim, the Court need not reach the merits of this objection.

Based on the foregoing, the R&R is accepted and adopted on Claim 8 and relief is denied on this claim.

**Claim 9 (original Petition)**

Claim 9 encompasses nine theories of ineffective assistance of counsel.  The Court

1  will consider each theory separately.

2  **Claim 9A**

3  Petitioner argues that his trial counsel failed to make a reasonable investigation.

4  The R&R concludes that this claim was exhausted in state court as part of Petitioner's

5  post-conviction relief petition.  (R&R at 277) (quoting the state court's ruling).  The

6  holding of the state court was not contrary to nor an unreasonable application of federal

7  law.[4]  Accordingly, Petitioner is not entitled to habeas relief on this claim.

8  Alternatively, the R&R reached the merits of this claim and determined that trial

9  counsel was not ineffective.  (R&R at 282).  For the reasons stated in the R&R, this Court

10  concludes that on the merits trial counsel was not ineffective on this theory.

11  Petitioner objects and argues that counsel has a duty to make a reasonable

12  investigation.  (Doc. 93 at 12).  While Petitioner may be correct as to this general

13  proposition, Petitioner fails to show that either counsel failed to make a reasonable

14  investigation in this case, or that Petitioner was prejudiced.  Thus, this objection is

15  overruled.  Accordingly, the R&R is accepted, rejected or modified on Claim 9A as set

16  forth above, and relief is denied on this claim.

17  **Claim 9B**

18  Next Petitioner argues that his counsel was ineffective in selecting a jury.  The

19  R&R concludes that Petitioner exhausted this claim in state court in his post-conviction

20  relief proceeding.  (R&R at 285) (quoting the state court's ruling).  The holding of the

21  state court was not contrary to nor an unreasonable application of federal law.

22  Accordingly, Petitioner is not entitled to habeas relief on this claim.  *See* footnote 4

23  herein.

24  Alternatively, the R&R reaches the merits of this claim and determined that trial

_____

26  [4]  The R&R finds that state court holdings as to ineffective assistance of trial
counsel are not entitled to the deference normally given to state court holdings under
27  AEDPA.  R&R at 141-42.  While the Court acknowledges that *Martinez* allows the Court
to, in some circumstances, consider unexhausted theories, the Court does not find that
28  *Martinez* has any impact on AEDPA deference when the state court actually reached the
merits of a claim.  Therefore, this portion of the R&R is rejected.

counsel was not ineffective in selecting a jury.  (R&R at 299).  Both sides object to the R&R on this point.

Petitioner objects and argues that he had a conviction-prone jury.  (Doc. 93 at 12). For the reasons stated in the R&R (at 282-299), this Court finds that, on the merits, the voir dire process and qualification of the jury did not rise to the level of a constitutional violation.  Thus, counsel was not ineffective and relief on this claim will be denied.

Respondents object and argue that counsel cannot be ineffective for failing to raise issues that were unsettled at the time of trial.  (Doc. 96 at 16).  For this further alternative reason, the Court agrees that trial counsel was not ineffective in selecting a jury in Petitioner's trial.

Based on the foregoing, Respondents' objection is sustained and Petitioner's objection is overruled.  Further, the R&R is accepted, modified or rejected on Claim 9B as set forth above and relief is denied on this claim.

**Claim 9C**

Petitioner claims that his counsel was ineffective for not more thoroughly impeaching the testimony of witness Hernandez.  The R&R concludes that to the extent witness Hernandez's testimony could have been contradicted by the testimony of the Cox sisters, this Court must give deference under AEDPA to the state court's determination that the Cox sisters were not credible.  (R&R at 304, 306).  The R&R also concludes that that this Court must give AEDPA deference to the state court's determination that the conflicting evidence of the amount of drug and alcohol use would not have impacted the effect of Hernandez's testimony on the jury.   (R&R at 306-07).   Thus, the R&R concludes that this Court must give AEDPA deference to the state court's determination that all potential conflicting evidence would not have impacted the outcome of this case because the state court's determination was not contrary to nor an unreasonable application of federal law.  (R&R at 313).  This Court agrees.

Petitioner objects and argues that witness Hernandez himself made inconsistent statements to various people and statements that were inconsistent with other witnesses'

accounts.  (Doc. 93 at 13).  Alternative to the application of AEDPA deference to this theory of ineffective assistance of counsel, the R&R considered the merits of all of Petitioner's alleged inconsistency arguments.  (R&R at 307-313).  The R&R concluded that these claims failed on the merits.  The Court has reviewed the R&R's conclusions on this theory and agrees that even considering Petitioner's merits objections, he has failed to show deficient performance by counsel, nor prejudice.  Accordingly, the objection is overruled, the R&R is accepted and adopted on Claim 9C, and relief is denied on this claim.

### Claim 9D

Petitioner argues his trial counsel was ineffective for failing to impeach witness Franz with his prior inconsistent statements.  Petitioner exhausted this claim in the state court, and the state post-conviction relief court rejected this claim.  (R&R at 313; 316) (quoting the state court's decision).  The Court finds that the state court decision was not contrary to nor an unreasonable application of federal law; accordingly, habeas relief on this theory will be denied.  *See* footnote 4 herein.

Petitioner objects and states that there were inconsistencies with witness Franz's statements.  Doc. 93 at 13.  However, these inconsistencies were brought out in trial.  (R&R at 317).  Thus, even if this Court were to reach the merits of this claim; Petitioner has not shown deficient performance by counsel nor prejudice from counsel's alleged failure to call witnesses who might have presented cumulative testimony of these inconsistencies.  (R&R at 317-18).  Accordingly, the objection is overruled because this claim alternatively fails on the merits.

Thus, the R&R is rejected or accepted as specified above on Claim 9D and relief is denied on this claim.

### Claim 9E

Petitioner argues that his counsel was ineffective for failing to call 10 allegedly exculpatory witnesses.  Petitioner did not exhaust this claim in state court.  (R&R at 110).  Petitioner cannot show cause and prejudice to overcome his failure to exhaust this claim

as to witness Kristina Cox.  (R&R at 318); *see also* footnote 3 above.   Accordingly, relief will be denied as to whether the failure of trial counsel to use the testimony of Kristina Cox was ineffective assistance of counsel.  Petitioner's objection that this Court should deem this theory exhausted because he raised ineffective assistance of counsel generally, even if he did not verbatim raise this particular theory of ineffective assistance (Doc. 93 at 11), is overruled because for a claim to be considered exhausted in state court it must be exhausted on the same factual predicate as the claim raised in federal court on habeas. *See* 28 U.S.C. § 2254 (b)(1)(A); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

Assuming without deciding that Petitioner could overcome his default of his ineffective assistance of counsel claim as to the remaining 9 witnesses, this claim fails on the merits.  (R&R at 318-319).  Petitioner objects to this conclusion and argues that 2 of the 10 witnesses would have provided alibi testimony for him; thus his counsel was ineffective for not eliciting this testimony.  (Doc. 93 at 14).   Petitioner's objection is inconsistent with the state court record regarding whether any witnesses would offer alibi testimony.  Further, Petitioner offers no evidence beyond his own allegations that any witness would testify in a way that would alibi him.  Accordingly, Petitioner has provided no evidence to support this objection and it is overruled.

Based on the foregoing, the R&R is accepted and adopted on Claim 9E and relief is denied on this claim.

### Claim 9F

Petitioner next claims his trial counsel's closing argument amounted to ineffective assistance of counsel.  Petitioner failed to exhaust this claim in state court.  (R&R at 110). Petitioner cannot show cause and prejudice or procedural actual innocence to overcome this default.  (R&R at 214, 319); *see also* footnote 3 above.

Like Claim 9E, Petitioner's objection that this Court should deem this theory exhausted because he raised ineffective assistance of counsel generally, even if he did not verbatim raise this particular theory of ineffective assistance (Doc. 93 at 11), is overruled

because for a claim to be considered exhausted in state court it must be exhausted on the same factual predicate as the claim raised in federal court on habeas. *See* 28 U.S.C. § 2254 (b)(1)(A); *Wildman*, 261 F.3d at 840.

Alternatively, this claim fails on the merits. (R&R at 339-341). For all of these reasons, the R&R is accepted and adopted on Claim 9F and relief is denied on this claim.

**Claim 9G**

Petitioner argues that his counsel was ineffective at sentencing. Petitioner failed to exhaust this claim in state court. (R&R at 111). Petitioner cannot show cause and prejudice or procedural actual innocence to overcome this default. (R&R at 214, 319); *see also* footnote 3 above.

Like Claim 9E, Petitioner's objection that this Court should deem this theory exhausted because he raised ineffective assistance of counsel generally, even if he did not verbatim raise this particular theory of ineffective assistance (Doc. 93 at 11), is overruled because for a claim to be considered exhausted in state court it must be exhausted on the same factual predicate as the claim raised in federal court on habeas. *See* 28 U.S.C. § 2254 (b)(1)(A); *Wildman*, 261 F.3d at 840.

Alternatively, this claim fails on the merits. (R&R at 341-342). For all of these reasons, the R&R is accepted and adopted on Claim 9G and relief is denied on this claim.

**Claim 9H**

Petitioner argues his appellate counsel was also ineffective. Petitioner failed to exhaust this claim in state court. (R&R at 111). Petitioner cannot show cause and prejudice or procedural actual innocence to overcome this default. (R&R at 214, 319); *see also* footnote 3 above.

Like Claim 9E, Petitioner's objection that this Court should deem this theory exhausted because he raised ineffective assistance of counsel generally, even if he did not verbatim raise this particular theory of ineffective assistance (Doc. 93 at 11), is overruled because for a claim to be considered exhausted in state court it must be exhausted on the same factual predicate as the claim raised in federal court on habeas. *See* 28 U.S.C. §

2254 (b)(1)(A); *Wildman*, 261 F.3d at 840.

Alternatively, this claim fails on the merits.  (R&R at 342-43).  For all of these reasons, the R&R is accepted and adopted on Claim 9H and relief is denied on this claim.

### Claim 9I

Finally, Petitioner argues that all of the errors of counsel, taken cumulatively, rise to the level of ineffective assistance of counsel.  Petitioner failed to exhaust this claim in state court.  (R&R at 112).  Petitioner cannot show cause and prejudice or procedural actual innocence to overcome this default.  (R&R at 214, 319); *see also* footnote 3 above.

Like Claim 9E, Petitioner's objection that this Court should deem this theory exhausted because he raised ineffective assistance of counsel generally, even if he did not verbatim raise this particular theory of ineffective assistance (Doc. 93 at 11), is overruled because for a claim to be considered exhausted in state court it must be exhausted on the same factual predicate as the claim raised in federal court on habeas. *See* 28 U.S.C. § 2254 (b)(1)(A); *Wildman*, 261 F.3d at 840.

Alternatively, this claim fails on the merits.  (R&R at 343-44).  For all of these reasons, the R&R is accepted and adopted on Claim 9I and relief is denied on this claim.

### Claim 10 (original Petition)

Petitioner argues that the trial court applied improper aggravators when sentencing him.  The R&R concludes that there was no violation of state law; and, accordingly, no due process violation.  (R&R at 322).   Additionally, the R&R concludes that Petitioner's claim based on *Blakely* is without merit.  (R&R at 324).  The Court agrees that this claim is without merit.

Petitioner objects to a life sentence.  (Doc. 93 at 14).  Because there were no errors, the Court overrules this objection.  Thus, the R&R is accepted and adopted on Claim 10 and relief is denied on this claim.

### Claim 11 (original Petition)

Petitioner argues that the state court erred in not recognizing his substantive actual innocence claim as a free standing claim under state law.  As the R&R notes, generally,

habeas relief is not available for errors of state law.  (R&R at 389).  Moreover, the R&R considered the actual innocence claim on the merits and determined that it did not warrant habeas relief.  (R&R at 392).  This Court agrees with the R&R that Petitioner has not established a substantive claim of actual innocence that would entitled him to habeas relief; therefore, relief on this claim will be denied.

Petitioner objects and argues that a substantive claim of actual innocence should be recognized as a basis for habeas relief.  (Doc. 93 at 16).  Because the R&R assumed such a claim existed for purposes of determining whether any such claim would have merit, this objection does not change the outcome of this case and is accordingly, overruled.  As a result of the foregoing, the R&R is accepted and adopted on Claim 11 and relief is denied on this claim.

**Claim 12 (original Petition)**

Claim 12 is another version of Petitioner's ineffective assistance of counsel claim premised on the errors of trial counsel, as a whole.  The R&R concluded that this claim was not exhausted in the state court (R&R at 120) and that Petitioner cannot show cause and prejudice or procedural actual innocence to overcome this default (R&R at 214); footnote 3 above.  The R&R is accepted and adopted on Claim 12 and relief is denied on this claim.

**Claim 1 (supplemental petition)**

Claim 1 of the supplemental petition is a free standing actual innocence claim. The R&R concludes that this claim of the supplemental petition is timely because the factual predicate of the claim did not become available to Petitioner until July 23, 2012. (R&R at 69, 88).  The Court accepts this conclusion and finds this claim of the supplemental petition to be timely.

By way of background, Petitioner's free standing actual innocence claim is premised on the theory that Issacs has confessed to killing the victim in this case.  In 2008, Petitioner presented this theory to the state court in a second post-conviction relief petition based on the testimony of Roinuse and Allen (who would allegedly testify that

- 14 -

Issacs confessed this to them).  In 2012, Petitioner presented this theory to the state court in a third post-conviction relief petition based on the testimony of Ellis and Gains (who would allegedly testify that Issacs confessed this to them).

The R&R discusses the merits of Petitioner's substantive actual innocence claim at pages 387-393.  Petitioner exhausted part of the factual predicate of this claim (Roinuse's and Allen's testimony) in the state court, and the state court denied relief on this claim. (R&R at 388 quoting the state court's ruling).  The state court's findings were not contrary to nor an unreasonable application of federal law, nor an unreasonable determination of the facts.  Accordingly, under AEDPA deference, relief on this factual predicate of this claim is denied.

Petitioner also presented a further factual predicate to this claim to the state court (Ellis' and Gaines' testimony), which the state court found to be untimely.  (R&R at 388-89 quoting the state court's ruling).  More specifically, the state court found that Petitioner's theory that Issacs was the true killer was already presented to the state court in 2008 and that additional people saying Issacs had confessed did not in any way change the state court's 2008 determination that Issacs alleged "confession" was not credible and would not have changed the outcome of Petitioner's trial.  (*Id.*)  Thus, as to the 2012 post-conviction relief petition, the state court found that this was not newly discovered evidence which would allow a successive and untimely post-conviction relief petition. (*Id.*)

As to the 2012 post-conviction relief petition and the testimony of Ellis and Gaines, because the state court found the petition to be untimely, this claim has not been exhausted in state court.  Therefore, for this Court to consider the merits of this claim, Petitioner must be able to establish either cause and prejudice or actual innocence to overcome his failure to exhaust this claim.[5]  Petitioner has not shown cause and

---

[5]  This Court agrees with the conclusion of the R&R that, to the extent the state court may have erred in not treating Ellis' and Gaines' testimony as newly discovered evidence, habeas relief is not available for errors of state law, such as the application of Arizona Rule of Criminal Procedure 32.1(h).  (R&R at 389).

prejudice.   Further Petitioner has not shown actual innocence via the *Schlup* gateway around the exhaustion requirement (a procedural actual innocence claim).  *See* footnote 3 above.  Therefore, the Court cannot reach the merits of Petitioner's free standing actual innocence claim.

Alternatively, this Court can deny a claim on the merits even if it has not been exhausted in state court.  28 U.S.C. § 2254(b)(2).  The R&R addressed the merits of Petitioner's free standing actual innocence claim.  (R&R at 391-93).

Assuming without deciding whether a freestanding claim of actual innocence exists, the Ninth Circuit Court of Appeals has held that such a claim would require a higher showing than the *Schlup* gateway, and would require Petitioner to go beyond showing doubt about his guilt.  (R&R at 391).  Petitioner would have to "affirmatively prove he is probably innocent."  (R&R at 391, quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997)).   Here, for the reasons stated above, Petitioner cannot meet the *Schlup* procedural actual innocence test; much less the higher freestanding actual innocence test.  Therefore, alternatively, this claim fails on the merits.  As a result, the R&R is accepted and adopted on Claim 1 of the supplemental petition and relief is denied on this claim.

**Claim 2 (supplemental petition)**

Claim 2 of the supplemental petition contains 12 theories of ineffective assistance of counsel.  The Court will consider each theory in turn.

**Claim 2A**

Petitioner argues that his counsel was ineffective because he failed to impeach witness Hernandez.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition. (Doc. 93 at 6).  This Court finds that the theory of impeachment of Hernandez advanced in Claim 2A is a new factual predict of ineffective assistance of counsel as to how counsel should have impeached witness Hernandez.  Therefore, this

1   claim does not relate back to the original Petition, and Petitioner's objection is

2   overruled.[6]  Accordingly, Claim 2A is barred by the statute of limitations.

3           Alternatively, assuming Claim 2A was not barred by the statute of limitations,

4   Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The

5   R&R further concludes that Petitioner cannot show cause and prejudice or actual

6   innocence to overcome this failure to fairly present the claim which ultimately resulted in

7   the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes

8   that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) does not provide a gateway to excuse

9   Petitioner's procedural default of this claim.  (R&R at 146-160).  For all of these reasons,

10  this Court cannot reach the merits of this claim and it must be dismissed.

11          Petitioner objects and states that "Every part of Supp Ground 2 was fairly

12  presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The

13  R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded

14  that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court

15  of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to

16  dispute the R&R's conclusion that he did not present any facts supporting this ineffective

17  assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing

18  Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).

19  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59)

20  and agrees with Respondents that the Arizona Court of Appeals declined to consider the

21  merits of Supplemental Ground 2A on state law procedural grounds.  The Court finds that

22  the state procedural bar was adequate and independent and; thus relief is also denied for

23  this alternative reason.[7]  Accordingly, the objection is overruled.

24

25          [6]  Respondents agree that this claim is barred by the statute of limitations, but
    argue that for purposes of calculating the statute of limitations, the R&R erred by using
26  the date of the mandate, rather that the date of the appellate court's decision.  (Doc. 96 at
    3-5).  For purposes of this Order, this claim is barred by the statute of limitations using
27  either date so the Court need not resolve this objection.

28          [7]At page 128, the R&R appears to reach a difference conclusion regarding whether
    Supplemental Claim 2 is barred on this alternative procedural basis.  It does not appear
    Respondent objected to this recommendation.  However, Petitioner objected to the

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because counsel made a reasonable tactical decision).[8]  (R&R at 326) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2A of the supplemental petition and relief is denied on this claim.

### Claim 2B

Petitioner claims his counsel was ineffective for failing to call Isaacs.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition. (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2B is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[9]  Accordingly, Claim 2B is barred by the statute of limitations.

Alternatively, assuming Claim 2B was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 160-165).  For all of these reasons, this Court cannot reach the merits of

---

R&R's entire exhaustion and default analysis, causing this Court to do a de novo review, and the Court modifies the R&R on this point.

[8]*See Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) ("tactical decisions by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel").

[9]*See* footnote 6 herein.

1  this claim and it must be dismissed.

2         Petitioner objects and states that "Every part of Supp Ground 2 was fairly

3  presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The

4  R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded

5  that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court

6  of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to

7  dispute the R&R's conclusion that he did not present any facts supporting this ineffective

8  assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing

9  Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).

10  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59)

11  and agrees with Respondents that the Arizona Court of Appeals declined to consider the

12  merits of Supplemental Ground 2B on state law procedural grounds.  The Court finds that

13  the state procedural bar was adequate and independent and; thus relief is also denied for

14  this alternative reason.[10]  Accordingly, the objection is overruled.

15         Finally, the R&R also considered the merits of this time barred, procedurally

16  defaulted (without exception) claim, and determined that it failed on the merits (because

17  Petitioner's arguments are inconsistent with the record).  (R&R at 326, 164) (considering

18  the merits of each claim of ineffective assistance of counsel to determine whether

19  *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the

20  merits.  As a result, the R&R is accepted, modified and adopted as specified above on

21  Claim 2B of the supplemental petition and relief is denied on this claim.

22                              **Claim 2C**

23         Petitioner claims his counsel was ineffective for failing to call Britton.  The R&R

24  concludes that this portion of the supplemental petition is barred by AEDPA's statute of

25  limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the

26  supplemental petition is timely because it relates back to the original petition. (Doc. 93 at

27  6).  This Court finds that the theory of ineffective assistance of counsel advanced in

28

       [10]*See* footnote 7 herein.

Claim 2C is a new factual predict to the claim of ineffective assistance of counsel. Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[11]  Accordingly, Claim 2C is barred by the statute of limitations.

Alternatively, assuming Claim 2C was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 165-171).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2C on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[12]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because

---

[11]*See* footnote 6 herein.

[12]*See* footnote 7 herein.

counsel made a reasonable tactical decision).  (R&R at 326, 169) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2C of the supplemental petition and relief is denied on this claim.

### Claim 2D

Petitioner claims his counsel was ineffective for failing to call Greenwood.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2D is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[13]  Accordingly, Claim 2D is barred by the statute of limitations.

Alternatively, assuming Claim 2D was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 171-176).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court

---

[13]*See* footnote 6 herein.

of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2D on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[14]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because counsel made a reasonable tactical decision).  (R&R at 326, 174) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2D of the supplemental petition and relief is denied on this claim.

**Claim 2E**

Petitioner claims his counsel was ineffective for failing to call a forensic expert.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2E is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[15]  Accordingly, Claim 2E is barred by the statute of limitations.

[14]*See* footnote 7 herein.

[15]*See* footnote 6 herein.

- 22 -

Alternatively, assuming Claim 2E was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts. (R&R at 114, 120). The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted. (R&R at 124; 214). Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim. (R&R at 176-179). For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted." (Doc. 93 at 6). The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals. (R&R at 114, 127-29). First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals. (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)). Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2E on state law procedural grounds. The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[16] Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because, based on Petitioner's own story, a tire track expert might have hurt his case; thus the failure to obtain such an expert was reasonable). (R&R at 326, 178) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief). The Court agrees with the R&R that this claim fails on the merits. As a

---

[16]*See* footnote 7 herein.

result, the R&R is accepted, modified and adopted as specified above on Claim 2E of the supplemental petition and relief is denied on this claim.

### Claim 2F

Petitioner claims his counsel was ineffective for failing to impeach Franz. The R&R concludes that this claim relates back to the filing of the original Petition (R&R at 80, 83-84), and is therefore timely (R&R at 92). Respondents object to this conclusion. (Doc. 96 at 5). Respondents make the argument that the basis for Petitioner's theory of ineffective assistance of counsel in this claim is not premised on the "same core of operative facts" as Ground 9D of the original petition; therefore it should not relate back. *Id*. The Court has reviewed this argument de novo and finds that while this is a very close call, the Court will overrule Respondents' objection and accept and adopt the R&R that the totality of the argument that counsel did not do enough to impeach Franz relates back to the original petition.

Notwithstanding the fact that the R&R concludes that Claim 2F of the supplemental petition relates back to Claim 9D of the original petition for AEDPA's statute of limitations analysis; the R&R concludes that Claim 2F was not fairly presented to the state courts because the Petition for Review of the denial of the third petition for post-conviction relief to the Arizona Court of Appeals did not contain any factual predicates for the ineffective assistance of counsel claim. (R&R at 114). The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted. (R&R at 124; 214). Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim. (R&R at 179-183). For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted." (Doc. 93 at 6). The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded

that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2F on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[17]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because it was a reasonable tactical decision by counsel).  (R&R at 326, 182) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2F of the supplemental petition and relief is denied on this claim.

### Claim 2G

Petitioner claims his counsel was ineffective for failing to call Boston.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2G is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[18]  Accordingly, Claim 2G is barred by the statute of limitations.

[17]*See* footnote 7 herein.

[18]*See* footnote 6 herein.

Alternatively, assuming Claim 2G was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 184-190).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2G on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[19]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because it was a reasonable tactical decision).  (R&R at 326, 188) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2G of the supplemental

_____

[19]*See* footnote 7 herein.

1    petition and relief is denied on this claim.

2                    **Claim 2H**

3         Petitioner claims his counsel was ineffective regarding "Brady material."   The

4    R&R concludes that this portion of the supplemental petition is barred by AEDPA's

5    statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion

6    of the supplemental petition is timely because it relates back to the original petition.

7    (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel

8    advanced in Claim 2H is a new factual predict to the claim of ineffective assistance of

9    counsel.   Therefore, this claim does not relate back to the original Petition, and

10   Petitioner's objection is overruled.[20]   Accordingly, Claim 2H is barred by the statute of

11   limitations.

12        Alternatively, assuming Claim 2H was not barred by the statute of limitations,

13   Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The

14   R&R further concludes that Petitioner cannot show cause and prejudice or actual

15   innocence to overcome this failure to fairly present the claim which ultimately resulted in

16   the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes

17   that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this

18   claim.  (R&R at 190-197).  For all of these reasons, this Court cannot reach the merits of

19   this claim and it must be dismissed.

20        Petitioner objects and states that "Every part of Supp Ground 2 was fairly

21   presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The

22   R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded

23   that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court

24   of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to

25   dispute the R&R's conclusion that he did not present any facts supporting this ineffective

26   assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing

27   Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).

28

---

[20]  *See* footnote 6 herein.

Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2H on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[21]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because there is no evidence that any *Brady* material existed, or that, if it existed, it would have been helpful).  (R&R at 326, 193, 196) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2H of the supplemental petition and relief is denied on this claim.

### Claim 2I

Petitioner claims his counsel was ineffective for failing to pursue Rivera.[22]  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 74, 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2I is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[23]  Accordingly, Claim 2I is barred by the statute of limitations.

Alternatively, assuming Claim 2I was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The

---

[21]*See* footnote 7 herein.

[22]Various spellings are listed in footnote 17 of the R&R.

[23]*See* footnote 6 herein.

R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 197-200).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2I on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[24]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because it was a reasonable tactical decision).  (R&R at 326, 199) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2I of the supplemental petition and relief is denied on this claim.

[24]*See* footnote 7 herein.

**Claim 2J**

Petitioner argues his counsel was ineffective for failing to request a competency evaluation of Petitioner under Ariz. R. Crim. Pro. 11.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2J is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[25]  Accordingly, Claim 2J is barred by the statute of limitations.

Alternatively, assuming Claim 2J was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 200-207).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59)

---

[25]*See* footnote 6 herein.

and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2J on state law procedural grounds.  The Court finds that the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[26]  Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because Petitioner is legally incorrect about the when a competency hearing is require to present capacity evidence, and because counsel made a reasonable tactical decision).  (R&R at 326, 205-06) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2J of the supplemental petition and relief is denied on this claim.

**Claim 2K**

Petitioner argues that his counsel was ineffective for failing to call other neighborhood witnesses.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2K is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[27]  Accordingly, Claim 2K is barred by the statute of limitations.

Alternatively, assuming Claim 2K was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual

---

[26]*See* footnote 7 herein.

[27]*See* footnote 6 herein.

1    innocence to overcome this failure to fairly present the claim which ultimately resulted in

2    the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes

3    that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this

4    claim.  (R&R at 207-209).  For all of these reasons, this Court cannot reach the merits of

5    this claim and it must be dismissed.

6         Petitioner objects and states that "Every part of Supp Ground 2 was fairly

7    presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The

8    R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded

9    that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court

10   of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to

11   dispute the R&R's conclusion that he did not present any facts supporting this ineffective

12   assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing

13   Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).

14   Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59)

15   and agrees with Respondents that the Arizona Court of Appeals declined to consider the

16   merits of Supplemental Ground 2K on state law procedural grounds.  The Court finds that

17   the state procedural bar was adequate and independent and; thus relief is also denied for

18   this alternative reason.[28]  Accordingly, the objection is overruled.

19        Finally, the R&R also considered the merits of this time barred, procedurally

20   defaulted (without exception) claim, and determined that it failed on the merits (because

21   it was a reasonable tactical decision).  (R&R at 326, 208) (considering the merits of each

22   claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).

23   The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R

24   is accepted, modified and adopted as specified above on Claim 2K of the supplemental

25   petition and relief is denied on this claim.

26        **Claim 2L**

27        Petitioner argues that his counsel was ineffective for failing to obtain an aiding

28   _____

     [28]*See* footnote 7 herein.

and abetting instruction.  The R&R concludes that this portion of the supplemental petition is barred by AEDPA's statute of limitations.  (R&R at 88, 92, 96).  Petitioner objects and argues that this portion of the supplemental petition is timely because it relates back to the original petition.  (Doc. 93 at 6).  This Court finds that the theory of ineffective assistance of counsel advanced in Claim 2L is a new factual predict to the claim of ineffective assistance of counsel.  Therefore, this claim does not relate back to the original Petition, and Petitioner's objection is overruled.[29]  Accordingly, Claim 2L is barred by the statute of limitations.

Alternatively, assuming Claim 2L was not barred by the statute of limitations, Petitioner failed to fairly present this claim to the state courts.  (R&R at 114, 120).  The R&R further concludes that Petitioner cannot show cause and prejudice or actual innocence to overcome this failure to fairly present the claim which ultimately resulted in the claim being procedurally defaulted.  (R&R at 124; 214).  Finally, the R&R concludes that *Martinez* does not provide a gateway to excuse Petitioner's procedural default of this claim.  (R&R at 209-212).  For all of these reasons, this Court cannot reach the merits of this claim and it must be dismissed.

Petitioner objects and states that "Every part of Supp Ground 2 was fairly presented to the Az Court of Appeals + was properly exhausted."  (Doc. 93 at 6).  The R&R addressed this issue of presentation to the Arizona Court of Appeals and concluded that Petitioner did not fairly present any of Supplemental Ground 2 to the Arizona Court of Appeals.  (R&R at 114, 127-29).  First, Petitioner does not offer any evidence to dispute the R&R's conclusion that he did not present any facts supporting this ineffective assistance of counsel theory to the Arizona Court of Appeals.  (R&R at 114, citing Petitioner's Petition for Review with the Arizona Court of Appeals (Doc. 67-1 at 5)).  Second, this Court has reviewed the Arizona Court of Appeals decision (Doc. 67-1 at 59) and agrees with Respondents that the Arizona Court of Appeals declined to consider the merits of Supplemental Ground 2L on state law procedural grounds.  The Court finds that

_____

[29] *See* footnote 6 herein.

the state procedural bar was adequate and independent and; thus relief is also denied for this alternative reason.[30]   Accordingly, the objection is overruled.

Finally, the R&R also considered the merits of this time barred, procedurally defaulted (without exception) claim, and determined that it failed on the merits (because Petitioner misunderstands the law, and alternatively, counsel made a reasonable tactical decision).  (R&R at 326, 210-11) (considering the merits of each claim of ineffective assistance of counsel to determine whether *Martinez* provided relief).  The Court agrees with the R&R that this claim fails on the merits.  As a result, the R&R is accepted, modified and adopted as specified above on Claim 2L of the supplemental petition and relief is denied on this claim.

**Claim 3 (supplemental petition)**

Petitioner argues that he is entitled to habeas relief on a theory of cumulative error in his trial.   The R&R concludes that this claim is barred by AEDPA's statute of limitations (R&R at 88, 92, 96).  The Court agrees that this claim is barred by the statute of limitations.

Alternatively, even if the claim was not barred, Petitioner did not fairly present this claim to the state court.  (R&R at 120).  However, the R&R also concluded that because Arizona does not recognize a claim of cumulative error, there was no state remedy available.  (R&R at 327).  Thus, the R&R determined that all available state remedies were exhausted, so this claim was exhausted under the "futility doctrine." (R&R at 116) (citing *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981)).

Respondents object to the R&R on this point and argue that *Sweet*'s "futility doctrine" has been rejected by the Supreme Court in this circumstance and, therefore, does not excuse exhaustion in state court even if the state court does not recognize the claim.  (Doc. 96 at 7-8) (citing *Engle v. Issac*, 456 U.S. 107, 130 (1982)).[31]   Petitioner

---

[30]*See* footnote 7 herein.

[31]Respondents acknowledge that the futility doctrine may excuse exhaustion if the state corrective process as a whole is clearly deficient.  (Doc. 96 at 8).  However, here they note that Petitioner makes no such global argument.

1    responded to Respondents' objections and argued that futility should be a basis to excuse

2    exhaustion.  (Doc. 97 at 7-8).

3            Based on the cases in Respondents' objections, it appears that the other circuits

4    that have addressed this issue have determined that the futility doctrine does not excuse

5    exhaustion when the only basis for not raising the claim in state court is the prisoner's

6    belief that the state court would reject the argument.  (Doc. 96 at 7-8).  Further, the Ninth

7    Circuit Court of Appeals questioned whether *Sweet* survived *Engle*.  *Noltie v. Peterson*, 9

8    F.3d 802, 805-06 (9th 1993).   Another panel of the Ninth Circuit in an unpublished

9    opinion also questioned whether *Sweet* survived the passage of the AEDPA.

10           Against this framework, the Court agrees with Respondents that *Sweet* no longer

11   provides a merits based futility exception to exhaustion.  Thus, to the extent the R&R

12   concluded (R&R at 327) that a futility exception to a state law based cumulatively error

13   argument existed, that conclusion is rejected.   As a result, Petitioner was required to

14   exhaust this theory (which would not have been cognizable on habeas regardless if it was

15   a purely state law claim).  The R&R further concluded that a federal law based claim of

16   cumulative error was not fairly presented to the state court, and that no futility exception

17   would have applied to such a federal claim.  (R&R at 120).  Therefore, that version of the

18   cumulative error theory was also not exhausted.   The R&R further concludes that

19   Petitioner cannot show cause and prejudice or actual innocence to overcome this failure

20   to exhaust which resulted in the claim being procedurally defaulted.  (R&R at 120, 124;

21   214).  For all of these reasons, no relief is available on this claim.

22           Regardless of all these bars to the Court considering the merits of this claim,

23   additionally, and alternatively, this claim fails on the merits.  (R&R at 331).  Specifically,

24   the R&R concluded that Petitioner has failed to specify exactly what the errors were that,

25   cumulatively, should entitle him to relief.  (R&R at 331).  Petitioner objects to this

26   conclusion, but still fails to identify the exact errors at issue.   (Doc. 93 at 15).

27   Accordingly, for this alternative reason, relief is denied.  As to this claim the R&R is

28   accepted, rejected or modified as specified above; Respondents' objection is sustained;

1    Petitioner's objections are overruled.

2    **IV.    Other Pending Motions**

3         Also pending before the Court are Petitioner's motion for evidentiary hearing

4    (Doc. 82), motion for appointment of counsel (Doc. 83), and motion for a certificate of

5    appealability (Doc. 94).  The R&R made a recommendation as to each of these motions.

6         **Motion for Evidentiary**

7         The R&R discusses and summarizes Petitioner various requests for an evidentiary

8    hearing.  (R&R at 26-27, 28-29).  The R&R also summarizes Respondents' opposition to

9    an evidentiary hearing.  (R&R at 27-28). The R&R recounts the law governing when an

10   evidentiary hearing in a habeas case is appropriate (R&R at 29-38) and though Petitioner

11   objects to the denial of the evidentiary hearing, he does not object to this recounting of

12   the governing law and the Court accepts and adopts it.

13        Notably, in his objections, Petitioner states, "Petitioner should be granted the

14   requested evidentiary hearing and request to conduct discovery."  However, conducting

15   discovery and holding an evidentiary hearing are not a single event.  As this Court has

16   previously held, an evidentiary hearing cannot be used as a fishing expedition to

17   determine if any witnesses are in existence who may have relevant testimony.  *See United*

18   *States v. Fuentes*, 2009 WL 4730733, *5 (D. Ariz. Dec. 7, 2009) *aff'd United States v.*

19   *Fuentes*, 457 Fed.Appx 687 (9th Cir. 2011) ("Further, because Fuentes has failed to

20   provide any indication of how the additional testimony would affect his right to relief, the

21   district court did not err in declining to appoint counsel to assist in investigating these

22   four witnesses or to hold an evidentiary hearing.").

23        The R&R recommended that this Court deny the request for discovery because it

24   is a fishing expedition (R&R at 30) and the request for hearing on "all claims" because

25   Petitioner was not specific as to what evidence he intended to offer at the evidentiary

26   hearing (R&R at 38).   Petitioner objects to this latter recommendation and lists 8

27   witnesses he intends to call at the hearing.  (Doc. 93 at 3).  However, Petitioner still fails

28   to state what these witnesses would say that would entitle him to relief.  *See United States*

*v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied*, 451 U.S. 938 (1981) (conclusory allegations are insufficient to require a habeas evidentiary hearing). Accordingly, to the extent Petitioner seeks an evidentiary hearing on all claims, that request is denied.

The R&R also discusses the four specific pieces of evidence Petitioner identified that he intends to offer at an evidentiary hearing. (R&R at 38-54). The specific items are: 1) Issacs' testimony; 2) Ellis' and Gains' testimony; 3) an unknown expert to testify about prison life; and 4) PCR counsel Goldberg's testimony. (R&R at 38).

### Issacs' Testimony

Petitioner seems to premise his first basis for seeking an evidentiary hearing (for the Court to hear Issacs' testimony) on Petitioner's hope or belief that Issacs will confess to the murder of which Petitioner was convicted. (R&R at 38). However, Petitioner has no evidence that, if called, Issacs would so testify. Further, the record from the state court, which includes Issacs' refusal to testify at Petitioner's trial and the absence of Issacs' testimony from any of Petitioner's post-conviction relief attempts, strongly suggests Issacs would not so testify. (R&R at 38-39, 41). For this reason, the request for an evidentiary hearing to call Issacs is denied.

Alternatively, the R&R did an extensive analysis of whether an evidentiary hearing would be necessary assuming Issacs would so confess. (R&R at 39-46). The R&R concluded that, even with such confession in federal court, Petitioner would not be entitled to relief due to the state court's presumptively correct (under AEDPA) factual findings about the reasons Issacs' would make a false confession; accordingly, an evidentiary hearing is not necessary for this alternative reason. (R&R at 46); *see also United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). Petitioner's objections seeking an evidentiary hearing (Doc. 93 at 2-4) are overruled. As a result, the R&R is accepted and adopted and the request for an evidentiary hearing regarding Issacs' testimony is denied.

**Testimony of Ellis and Gains**

Next Petitioner seeks an evidentiary hearing to solicit the testimony of Ellis and Gains.  (R&R at 46-48).  For the same reasons that Issacs' presumed confession would not be believable, Ellis' and Gains' recounting of any such confession would not be believable; and this Court will presume the correctness of the state court's factual findings on this point.  (R&R at 47).  Petitioner's objections seeking an evidentiary hearing (Doc. 93 at 2-4) are overruled.  As a result, the R&R is accepted and adopted and the request for an evidentiary hearing regarding Ellis and Gains is denied.

**Testimony Regarding Prison Life**

As the R&R recounts, "[t]he next category of evidence Petitioner proffers for an evidentiary hearing concerns the relevant motivations of a prisoner like Issacs to lie about having killed a snitch."  (R&R at 48).  The R&R concludes that no evidentiary hearing is necessary regarding this topic.  (R&R at 48-51).  This Court agrees with the R&R that given the presumption of correctness of the state court's factual findings regarding this topic, Petitioner cannot use further evidence on this topic to meet his burden on a claim of actual innocence.  (R&R at 51); *see also United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).

Thus, Petitioner's objections seeking an evidentiary hearing (Doc. 93 at 2-4) are overruled.  Further, the R&R is accepted and adopted and the request for an evidentiary hearing regarding prison life is denied.

**Testimony of PCR Counsel Goldberg**

Petitioner seeks to call counsel Goldberg to have him admit he "missed" several claims, and was therefore ineffective.  (R&R at 51).  Like Issacs' supposed testimony, Petitioner offers no evidence that counsel Goldberg would testify as Petitioner hopes.  (R&R at 52-53).  Because evidentiary hearings are not fishing expeditions, the request for an evidentiary hearing on this topic is denied for this reason.

Alternatively, even accepting Petitioner's hoped for testimony as true, that counsel Goldberg "missed" some claims, such an admission would not rise to the level of

ineffective assistance of counsel.  (R&R at 53-54); *Strickland v. Washington*, 466 U.S. 668 (1984).  Accordingly, even if these facts were proven at an evidentiary hearing, they would not entitled Petitioner to relief; thus, so no hearing is required.  *See United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).

Thus, for both reasons stated above, Petitioner's motion and objections seeking an evidentiary hearing (Doc. 93 at 2-4) are denied.  Further, the R&R is accepted and adopted and the request for an evidentiary hearing regarding prison life is denied.

### Motion for Appointment of Counsel

Petitioner seeks appointment of counsel.  (R&R at 55-58).  In deciding whether to appoint counsel, this Court considers the complexity of the factual and legal issues involved, Petitioner's ability to articulate his claims pro se, and whether Petitioner's claims have merit.  (R&R at 56).  The Court finds that Petitioner has articulated his claims very well pro se and that ultimately, his claims do not have merit.  Accordingly, Petitioner's request for appointment of counsel will be denied.

### Request for a Certificate of Appealability

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

The R&R recommends this Court grant a certificate of appealability on two specific procedural bars to Petitioner's claims.  (R&R at 396-397).  Both parties objected

to this portion of the R&R.  (Doc. 93 at 18 (referencing a separately filed motion for certificate of appealability filed at Doc. 94); (Doc. 96 at 17-20).  Petitioner seeks a certificate of appealability on 20 separate issues.  (Doc. 94 at 2-5).  Respondents argue that because the two issues on which the R&R recommends a certificate of appealability on are procedural bars arising out of state court fair presentment issues on claims that are also barred by the AEDPA's statute of limitations and, alternatively, fail on the merits, any opinion from the Court of Appeals would be advisory.  (Doc. 96 at 17-20).

Respondents are correct that both items on which the R&R recommends the grant of a certificate of appealability are barred by an alternative procedural basis (statute of limitations) and fail on the merits.  Further, as to all claims on which Petitioner seeks a certificate of appealability, this Court has alternatively considered the merits of the claims and found that they do not entitle Petitioner to relief.  As to the merits of all claims, the Court finds that jurists of reason would not find this Court's merits conclusions debatable or wrong.  For this reason, under *Slack*, the certificate of appealability is denied.  Thus, Respondents objections are sustained and Petitioner's objections are overruled.

Additionally, to the extent Petitioner may argue that his request for discovery and an evidentiary hearing, if granted, would have changed the merits analysis of his unexhausted ineffective assistance trial counsel claims, the Court notes that an evidentiary hearing would not have impacted the analysis.  Specifically, in his objections, Petitioner cites to *Martinez* as a basis for why he should be entitled to an evidentiary hearing.  (Doc. 93 at 3).  As the R&R discusses at length, *Martinez* can excuse a Petitioner's failure to exhaust the merits of an ineffective assistance of trial counsel claim in state court in certain circumstances.  (R&R at 135-141).  What Petitioner appears to seek via an evidentiary hearing is not to gateway around his procedural default of his ineffective assistance of counsel claims, but instead to litigate the merits of his ineffective assistance of counsel claims de novo in this Court; including receiving appointed counsel and doing a fact finding investigation regarding counsel's performance.  This Court does

not read *Martinez* as converting this Court to a "first post-conviction relief court" to create a record on all claims Petitioner failed to exhaust in state court.[32]  Indeed, such a result would incentivize defendants who would prefer a de novo review in federal court to intentionally not exhaust in state court and in no way be limited by the state court record.  Such a result would run contrary to any theory of comity or AEDPA deference.  Accordingly, to the extent Petitioner is seeking a *Martinez* evidentiary hearing on this basis, that objection is overruled.

**V.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Motion for Evidentiary Hearing (Doc. 82) is denied.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 83) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 89) is rejected, modified, or accepted as specified above; the objections of each party (Docs. 93 and 96) are sustained or overruled as specified above; the Petition is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that the Motion for a Certificate of Appealability (Doc. 94) is denied.

Dated this 26th day of January, 2016.

James A. Teilborg
Senior United States District Judge

---

[32]Mr. Martinez himself exhausted his claim of ineffective assistance of first post-conviction relief counsel via a second petition for post-conviction relief in state court (and within that record argued all the alleged ineffectiveness of trial counsel not raised by first post-conviction relief counsel), not in this Court.  *Martinez v. Schriro*, 2008 WL 5220909, *3 (D. Ariz. 2008) (holding that ineffective assistance of First PCR counsel was presented/exhausted) (*rev'd on other grounds*, - - - U.S. - - -, 132 S.Ct. 1309); *Martinez v. Ryan*, 2012 WL 5936566, n.5 (November 27, 2012).